RIES FURNITURE COMPANY *v.* SCHAUS ET AL.

[No. 11,980.   Filed December 9, 1924.   Rehearing denied March 11, 1925.]

SALES.—*Defaulting buyer on conditional sale not required to return property to seller until demanded.*—The purchaser of personal property on a conditional sale contract reserving title in the vendor until the purchase price was fully paid, and providing that, on default in payment of any installment, "the buyer agrees to surrender said property without process of law to seller or its agent," is not required to return said property to the seller until demand is made therefor.

From St. Joseph Superior Court; *J. Fred Bingham,* Judge.

Action by the Ries Furniture Company against C. L. Schaus and another.   From a judgment for defendants, the plaintiff appeals.   *Affirmed.*

*Ralph S. Feig* and *Walter R. Arnold,* for appellant.
*Hammond & Omacht,* for appellees.

McMAHAN, J.—Appellant sold appellees certain personal property, part of the purchase price being paid in cash at the time of sale, the balance to be paid in monthly installments.   The contract of sale was in writing and provided that the title should remain in appellant until all of the purchase price was paid.   It also provided that in the event of any default in payment of any installment, "the buyer agrees to surrender said property without process of law, to seller or its agent."   Appellees made default in payment of monthly installments.   About seven months after default, the property was surrendered to appellant, after which it commenced this action, alleging that the property had depreciated in value during the time that intervened between the time when appellees defaulted in their payment and the surrender of the property, and asked damages because of the alleged failure of appellees to

surrender the property at the time of or immediately after the default.

The action of the court in sustaining a demurrer to the complaint is the only error assigned. It is appellant's contention that it was appellees' duty, under the contract, to deliver or return the property to appellant in the absence of any demand on the part of appellant. We cannot agree with appellant in this contention. Appellees did not agree to *deliver* or *return* the property upon default in payment of the monthly installments. Their agreement was to *surrender* the property without process of law. This was equivalent to saying that, in case of a default, appellant had the option of demanding a surrender of the property, or of waiving that right and suing for the unpaid purchase price. The purchasers were under no obligation to surrender the property to appellant until the latter had in some manner indicated his desire to have the property surrendered to him. The right to a surrender of the property was for the protection of appellant, of which he might or might not take advantage. Appellees had no right to return the property in question unless appellant was willing to accept its return. Any other construction of such a contract would put it in the power of a purchaser under such a contract, in case the property should for any reason depreciate in value so that it was worth less than the unpaid purchase price, to return the same to the seller and compel him to accept it and thus release the purchaser from paying the balance of the purchase price.

The demurrer was properly sustained.

Judgment affirmed.